UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| EVELYN D. BURNETT, <br><br>             Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br>             Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 6:19-cv-00334 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes EVELYN D. BURNETT ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.  Plaintiff is a 75 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Hilltop Lakes, Texas, which lies within the Western District of Texas.

5.  As reflected on its website, Defendant is a self-proclaimed debt collector.[1] Defendant is a corporation organized under the laws of the state of Kansas, with its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.  The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

9.  The subject debt stems from Plaintiff's purported past due payments in connection with a Walmart store credit card Plaintiff opened through Synchrony Bank ("Synchrony") for personal purposes.

10. After Plaintiff defaulted on her obligations to Synchrony, the subject debt was subsequently charged off and sold to Midland Funding, LLC ("Midland Funding").

11. Midland Funding subsequently tasked Defendant with collecting upon the subject debt.

---

[1] https://www.midlandcreditonline.com/who-is-mcm/

12. On or about March 6, 2019, Defendant sent Plaintiff a collection letter ("March 6 Letter") attempting to collect upon the subject debt.

13. The March 6 Letter provided that the subject debt had a balance of $1,286.29.

14. The March 6 Letter further offered Plaintiff three payment options to address the subject debt: (1) a 40% reduction in the overall balance, (2) a 20% reduction in the overall balance with payments being made over 6 months, and (3) monthly payments as low as $50.00 per month.

15. The March 6 Letter states that the expiration date of these three payment options was April 5, 2019.

16. Thereafter, on or about April 17, 2019, Defendant sent Plaintiff a subsequent correspondence ("April 17 Letter") regarding the subject debt and outlining Plaintiff's then-existing payment options to go about addressing the subject debt.

17. The April 17 Letter provided Plaintiff the exact same payment options which were previously offered in the March 6 Letter.

18. As such, Defendant's March 6 Letter was false, deceptive, and misleading as it provided false and deceptive representations as to the expiration date of the settlement options outlined in that letter.

19. Frustrated and confused by the nature of Defendant's collection efforts, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Defendant's conduct constitutes an invasion of Plaintiff's federally protected interest to be free from deceitful debt collection activity. Plaintiff was further misled and misinformed as to the nature of her options to go about addressing the subject debt with Defendant.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that . . . is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

27. Defendant violated § 1692e, e(5), and e(10) by falsely, deceptively, and misleadingly representing the time within which Plaintiff must accept the settlement options offered in the March 6 Letter. The March 6 Letter affirmatively advised that the reduced balance options offered therein expired on April 5, 2019. However, the April 17 Letter sets forth the exact same reduced balance options, illustrating the false and deceptive nature of Defendant's March 6 Letter. Defendant's false and deceptive representations were made in the March 6 Letter hoping to

compel Plaintiff's prompt payment on the subject debt, lest she lose the benefit of the settlement options offered therein.

WHEREFORE, Plaintiff, EVELYN D. BURNETT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

31. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 392.304**

32. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), broadly prohibits a debt collector from using any "false representation or deceptive means to collect a debt . . . ."

33. Defendant violated the above referenced portion of the TDCA through its deceptive and misleading representations in the March 6 Letter. As discussed above in the context of Plaintiff's FDCPA claims, Defendant falsely and deceptively represented the time within which Plaintiff would be allowed to accept the terms of the settlement offer made in the March 6 Letter. Inasmuch as such conduct violates the FDCPA, so too does it constitute a violation of the TDCA.

WHEREFORE, Plaintiff, EVELYN D. BURNETT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 29, 2019                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                   s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                       Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                  Counsel for Plaintiff
Admitted in the Western District of Texas              Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                    2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                               thatz@sulaimanlaw.com